[USAO#2006R01347/MN]

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 08- /59 |
| | : | |
| v. | : | 18 U.S.C. § 666 |
| | : | 18 U.S.C. § 2 |
| | : | |
| LAXMIPATHI GARIPALLI | : | **INFORMATION** |

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

**THE DEFENDANT**

1. At all times relevant to this Information:

    a. Defendant LAXMIPATHI GARIPALLI was a medical doctor licensed to practice in the State of New Jersey, who resided in Colts Neck, New Jersey. Defendant LAXMIPATHI GARIPALLI was a part-owner of Associates in Cardiology and Internal Medicine P.A., a private medical practice, located in Old Bridge, New Jersey.

    b. As a medical doctor, defendant LAXMIPATHI GARIPALLI specialized in internal medicine and cardiology, but was not qualified to perform certain cardiac procedures, such as cardiac catheterizations.

    c. From in or about October 2003 to in or about May 2006, defendant LAXMIPATHI GARIPALLI served as a Clinical Assistant Professor at the University of Medicine and Dentistry

of New Jersey ("UMDNJ"), in Newark, New Jersey, described more fully herein.

## BACKGROUND

2. At all times relevant to this Information:

a. UMDNJ was the State of New Jersey's university of health sciences and consisted of eight separate schools, including the UMDNJ-New Jersey Medical School ("NJMS"). UMDNJ also owned and operated UMDNJ-University Hospital ("UH").

b. NJMS was located in Newark, New Jersey, and provided instruction in the practice of medicine, performed medical research and delivered patient care through affiliated hospitals. NJMS had an accredited cardiology fellowship program.

c. UH was a teaching hospital in Newark, New Jersey, with medical students, residents and fellows (including those of NJMS's cardiology fellowship program) rendering medical care to UH's patients.

d. UH was also a Level I Trauma Center licensed and regulated by the State of New Jersey. Among other things, UH's license with the State of New Jersey was dependent on UH's annual performance of a certain number of cardiac procedures, including cardiac catheterizations and cardiothoracic surgery, described more fully herein.

3. At all times relevant to this Information,

a. Medicare was a federal health care benefit program established by the Social Security Act of 1965, codified, as amended, in Title 42 of the United States Code (the "Medicare program"). The Medicare program provided basic health insurance coverage to individuals over the age of 65 and to certain persons entitled to Social Security benefits based upon disability.

b. UMDNJ participated in the Medicare program and submitted claims to Medicare (through its fiscal intermediary) for services UH rendered to Medicare beneficiaries. From at least 2003 through at least 2006, UMDNJ received from the Medicare program well in excess of $10,000 per year in payment for services UH rendered to Medicare beneficiaries.

4. At all times relevant to this Information:

a. "Cardiology" was a branch of medicine that dealt with the diagnosis and treatment of heart disease.

b. A "cardiac catheterization" was a medical procedure whereby a qualified cardiologist would place a catheter or thin plastic tube into the artery or vein of a patient's arm or leg and then advance it to the patient's heart or coronary arteries in order to diagnose problems with the heart or perform interventional procedures, such as angioplasties.

c. "Cardiothoracic surgery", commonly referred to as "open heart surgery", was a medical procedure whereby a qualified

3

cardiologist would physically open the chest wall of a patient to expose the heart muscle and, thus, allow for a variety of corrective procedures to be performed, such as coronary artery bypass surgeries, valve replacements and heart transplants.

## UMDNJ'S CLINICAL ASSISTANT PROFESSOR PROGRAM

5. Since at least 1995, and in each year relevant to this Information, UH failed to perform the requisite number of cardiac procedures to satisfy its licensing requirements as a Level I Trauma Center in the State of New Jersey.

6. In an effort to increase the number of cardiothoracic patients that were referred to UH, and thus avoid losing UH's accreditation as a Level I Trauma Center, in or about Spring 2002, UMDNJ and certain of its administrators undertook a community cardiology/cardiac surgery initiative. Pursuant to that initiative, UMDNJ entered into part-time employment contracts with a number of community cardiologists who had their own private cardiology practices and significant numbers of patients they could refer to UH.

7. The contracts purportedly required the community cardiologists to work part-time at UH as Clinical Assistant Professors, performing bona fide services for UMDNJ, such as teaching NJMS's cardiology fellows in the catheterization lab, providing on-call coverage, attending weekly cardiology conferences, lecturing, and supporting UMDNJ's research efforts.

4

8. The employment contracts provided that the community cardiologists would receive annual salaries of between approximately $50,000 and approximately $180,000, purportedly as consideration for their performance of the duties specified in the contracts.

### DEFENDANT'S MISAPPROPRIATION OF FEDERAL FUNDS

9. In or about October 2003, defendant LAXMIPATHI GARIPALLI entered into an employment contract with UMDNJ to serve as a faculty cardiologist in the Clinical Assistant Professor program.

10. Defendant LAXMIPATHI GARIPALLI had no prior teaching experience, and he was not qualified to perform or teach cardiac catheterizations. He did, however, have a large private cardiology practice with many patients to refer to UH for cardiac-related procedures.

11. The employment contract provided, in substance and in part, that defendant LAXMIPATHI GARIPALLI would serve as a Clinical Assistant Professor, would be paid an annual salary of approximately $150,000, and would commit 49% of his time (i.e., almost 20 hours a week) performing the following teaching, research and patient care activities at UMDNJ:

    a. providing on-call coverage thirteen weeks a year for certain diagnostic procedures;

    b. teaching fellows in the cardiac catheterization lab;

   c. interpreting hospital electrocardiograms;

   d. attending weekly cardiology conferences;

   e. conducting a physical diagnosis course for second year medical students;

   f. providing office-based teaching;

   g. lecturing in areas of special expertise;

   h. supporting research efforts; and

   i. completing Medicare time studies and other forms to document the services provided under the contract to ensure appropriate Medicare payments were made to UH.

   12. From in or about October 2003 to in or about May 2006, defendant LAXMIPATHI GARIPALLI knowingly and willfully failed to perform the bona fide services enumerated under the employment contract. The only service he performed for UMDNJ was to refer patients from his private cardiology practice to UH for cardiac-related procedures, many of which were paid for by Medicare.

   13. At the same time, defendant LAXMIPATHI GARIPALLI obtained payments from UMDNJ totalling approximately $280,000, knowing that he was not lawfully entitled to those payments.

   14. From in or about October 2003 to in or about May 2006, in the District of New Jersey and elsewhere, defendant

LAXMIPATHI GARIPALLI

being an agent of UMDNJ, did knowingly and willfully embezzle, steal, obtain by fraud, and otherwise without authority knowingly

convert to his own use and intentionally misapply, approximately $280,000 that was owned by, and under the care, custody and control of UMDNJ, an organization that received, in each year from 2003 through 2006, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, namely payments from the Medicare program.

All in violation of Title 18, United States Code, Section 666, and Title 18, United States Code, Section 2.

CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: 08-

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

LAXMIPATHI GARIPALLI

## INFORMATION FOR

18 U.S.C. § 666
18 U.S.C. § 2

### CHRISTOPHER J. CHRISTIE
*U.S. ATTORNEY NEWARK, NEW JERSEY*

ROBERT A. KIRSCH
MAUREEN NAKLY
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
973-645-2700